UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT METCALF,

        Plaintiff,

    v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN and DAIMLER-CHRYSLER
NORTH AMERICA, DAIMLER TRUCK
N.A. LLC UAW HEALTH BENEFITS
PLAN,

        Defendants.

Case No. 3:11-cv-1305-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Robert Metcalf, as an assignee, alleges claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§ 1001-1461, to recover benefits for medical services provided to each of 124 individual participants in the defendant Daimler Trucks North America LLC UAW Health Benefits Plan ("Plan") over a 21-month period between May 15, 2008, and February 18, 2010, as well as penalties and injunctive relief. Defendants are Daimler Trucks North America LLC ("DTNA") and Blue Cross Blue Shield of Michigan ("BCBSM"). This court has jurisdiction pursuant to 28 USC § 1331 and 29 USC § 1132.

1 - FINDINGS AND RECOMMENDATION

Defendants have filed a Motion to Dismiss (docket # 11) for failure to state a claim, lack of standing, lack of jurisdiction, and lack of necessary parties. For the following reasons, that motion should be denied.

## **STANDARDS**

In evaluating a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. *Association for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F3d 986, 991 (9th Cir 2011), *cert denied,* 2012 WL 170538 (2012). "A complaint must not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Aguayo v. U.S. Bank*, 653 F3d 912, 917 (9th Cir 2011) (citation omitted). Although detailed factual allegations are not necessary,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions and formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 US 544, 555-56 (2007) (citations omitted).

Generally, FRCP 12(b)(6) does not permit a court to consider evidence beyond the pleadings. If matters outside the pleadings are presented to and not excluded by the court, then a motion under FRCP 12(b)(6) must be treated as one for summary judgment. FRCP 12(d). However, where the complaint refers to a document central to the claim and the authenticity of which is not challenged., then the document is considered part of the pleading for purposes of FRCP 12(b)(6) and (d). *Marder v. Lopez*, 450 F3d 445, 448 (9th Cir 2006) (citations omitted). Even if the complaint does not specifically refer to the document offered with the FRCP 12(b)(6) motion, documents are not outside

the complaint if the "complaint necessarily relies" on them or alleges the contents. *Coto Settlement v. Eisenberg,* 593 F3d 1031, 1038 (9th Cir 2010) (citing cases extending the incorporation by reference doctrine). Given that the parties do not dispute the authenticity of the Plan's Handbook and the applicability of its terms to the issues raised by the Complaint, the court will consider the Handbook in resolving this motion. However, the Declaration of plaintiff's lawyer, Steven Krafchik (docket # 19) and attached exhibits present facts outside the pleadings and cannot be considered.[1]

## ALLEGATIONS

The Plan provides payments for a broad spectrum of health care services to DTNA employees. Abbiatti Decl., ¶ 3, Ex. A, pp. 18 - 67 ("Handbook"). The Plan is sponsored by DTNA, and benefits payment decisions are administered by BCBSM. Complaint, ¶¶ 1.3, 4.2.

A claim must be filed before a payment can be made, and the Plan lists the information required to support each claim and the deadlines for submitting claims. *Id,* § 4.3; Handbook, p. 68. Payments are limited to the specific benefits listed in the Plan for each of the medical services covered by the Plan. Handbook, pp.18-67. Additional limitations are specified in the description of coverage for each category of covered medical services. *E.g., id* at 42 ("Chiropractic Services").

Plaintiff alleges that he was an "In-Network" provider of BCBSM until November 2008, and a "Non-participating" Provider through February 18, 2010. Complaint, ¶¶ 4.10, 4.13, 4.14. He provided unspecified medical services to 124 patients who were Plan participants on various dates over a 21-month period as provided in "the attached table, filed under seal as Appendix A." *Id,* ¶¶ 4.13, 4.14. Each patient/Plan participant is identified in the Complaint as an "Assignee

---

[1] In addition, as argued by defendants, the exhibits attached to Krafchik's declaration are not properly authenticated or otherwise admissible on their face.

No." (*id,* ¶¶ 4.19.1-.124), and presumably further identified by name in Appendix A. However, no Appendix A is attached to the Complaint.

Defendants failed to pay claims submitted by plaintiff or on his behalf. *Id,* ¶ 4.15. Plaintiff then obtained Designations of Authority, Insurance Assignments and Releases from the Plan participants that allow him "to the full extent permissible under ERISA to act on [their] behalf to pursue claims and exercise all rights connected with defendants' plan, with respect to any medical or other healthcare expenses incurred as a result of the services received from plaintiff." *Id,* ¶¶ 4.17, 4.18. Defendants "failed to honor the Designations and Releases and failed to pay for medical services rendered to the 124 patients." *Id,* ¶ 4.19.0. The Complaint lists a range of dates when plaintiff rendered services and a minimum ("at least") amount due for each patient. *Id,* ¶¶ 4.19.1-.124. Although the precise services are not identified, plaintiff refers generally to claims for "benefits for safe and effective chiropractic or occupational therapy services." *Id,* ¶ 5.5. Plaintiff appealed the denials and requested documents from the Plan and BCBSM without success. *Id,* ¶¶ 4.20-4.22. The amount due exceeds $600,000.00. *Id,* ¶ 4.23.

As a result, plaintiff alleges that defendants breached their contract with him and failed to follow their own policies. *Id,* ¶¶ 4.24-4.26. He alleges two claims against defendants for violating ERISA: (1) violation of § 502(a)(1)(B) by denying claims for benefits (Count I); and (2) violation of § 502(a)(3) by failing to comply with a requirement to conduct a full and fair review of the alleged benefit claims (Count II).

## FINDINGS

### I.   Failure to State Claim

Defendants first argue that the Complaint fails to provide enough detail about the hundreds of alleged claims so that they can determine whether and how they failed to comply

with any provision of the Plan.  For example, the Complaint does not allege how the unpaid claims fall within the coverage provisions of the Plan.  To comply with the notice requirements of FRCP 8 and 10, they request that plaintiff be ordered to allege separate counts for each individual claim, setting forth:

1. the patient (identified by initials);
2. the dates of treatment at plaintiff's facility;
3. the amount of alleged incurred charges;
4. the amount of charges allegedly remaining outstanding;
5. the amount of benefits sought on behalf of that patient;
6. a description of the services rendered;
7. the reason the services were medically necessary;
8. the extent the services were rendered in the course of one claim or multiple claims;
9. whether plaintiff rendered the service as a Network Provider or a Nonparticipating Provider; and
10. whether the patient has other insurance subject to the Plan's provision for coordination of benefits.

In an action by any one of the Plan participants, these allegations would be necessary. Thus, defendants urge that this court take the same approach with respect to multiple claims by an assignee as was taken in *Kindred Hosp. E. LLC, v. Blue Cross & Blue Shield of Fla., Inc.*, Case No. 3:05-cv-995-J-32TEM, 2007 WL 601749, at *4-5 (MD Fla Feb. 16, 2007).

Plaintiff responds that defendants are the custodians of the administrative records of the 124 Plan participants and have more detailed information than he does concerning the unpaid claims.  Plaintiff has already provided the names of the ERISA beneficiaries for whom he was a designated representative,[2] as well as the amounts of money believed to be at issue for the services he provided.  If further specification is required, then plaintiff seeks leave to amend under FRCP 15(a)(2) to include the supplemental (but still not complete) information.

---

[2] The Complaint, ¶ 4.14, alleges that the patients are identified on the attached Appendix A filed under seal. Although no Appendix A is attached, plaintiff can easily correct this oversight.

5 - FINDINGS AND RECOMMENDATION

Defendants object to this proposed amendment. They note that under the Plan, the only payments made directly to plaintiff would be for services rendered, if any, while he was a Network Provider. Abbiatti Decl., Ex. A, p. 19 ("Network providers submit claims to BCBS for you, and they are paid directly by BCBS."). Payments for services plaintiff rendered as a Nonparticipating Provider would go directly to the Plan participant. *Id*, p. 20 ("You are usually required to pay nonparticipating providers directly and then you will submit the claim to BCBS for reimbursement."). If plaintiff does not know what his claims are, defendants believe that it is improper for this Court to provide a forum to reconcile the bookkeeping for his chiropractic clinic.

However, the Complaint expressly alleges that plaintiff rendered medical services to the assignors, identifies them by name in the sealed Appendix A (which is not yet attached to the Complaint), and lists the range of dates for services provided and amount believed to be due. From the range of dates, defendants can ascertain whether plaintiff rendered any services, and likely what portion, as either or both a Network Provider or a Nonparticipating Provider. In addition, plaintiff alleges that he presented the claims for payment to defendants, appealed the denials and has made written inquiries concerning those denials and requested relevant documents. Thus, the claims at issue in the Complaint are not new to defendants. Since they have already denied the claims, they are on notice of the specific factual basis for each claim and why benefits were not paid.

This is quite a different situation than presented in *Kindrend Hosp. E. LLC* which involved claims by participants in various employer insurance plans. Plaintiff's claims all arise out of a single Plan and have been preceded by administrative claims pursuant to the terms of

6 - FINDINGS AND RECOMMENDATION

that Plan which defendants have denied.  Therefore, no supplemental allegations are necessary to comply with the minimal requirements of FRCP 8 or 10.

## II.     Lack of Standing

Second, defendants contend that plaintiff only has standing to bring claims within the scope of the terms of the alleged Designations and Assignments.  ERISA permits an authorized representative of a claimant to act on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination.  29 CFR § 2560.503–1.  However, plaintiff's standing is limited to the scope of the alleged assignments, and the claims must be limited to those that the Plan participants could bring themselves to obtain benefits.  *Eden Surgical Ctr. v. B. Braun Med., Inc.*, 420 F App'x 696, 697 (9th Cir 2011) (dismissing plaintiff's claims for penalties as beyond scope of assignment language).

Defendants argue that plaintiff has not alleged assignment to him of any claim for penalties or injunctive relief.  However, plaintiff specifically alleges that he obtained Designations of Authority "to the full extent permissible under ERISA."  Complaint, ¶ 4.17.  Such broad language, when taken as true, would clearly allow plaintiff to seek penalties and injunctive relief, as well as benefits.  This is a sufficient allegation to survive a motion to dismiss.  Once defendants obtain copies of the Designations and Assignments through discovery, then they may, if appropriate, contest the scope of plaintiff's authority as assignee.

## III.    Wrong Defendant

Defendants also contend that the only proper defendant is the Plan.  As a general rule, ERISA permits suits to recover benefits only against the ERISA plan as an entity.  29 USC § 1132(d)(2), ERISA § 502(d)(2); *Gibson v. Prudential Ins. Co. of Am.*, 915 F2d 414, 417 (9th Cir 1990).  Plaintiff alleges that "BCBSM provides administrative claim payment services only."

7 - FINDINGS AND RECOMMENDATION

Complaint, ¶ 4.2. In that capacity, BCBSM contends that it is not a proper defendant because it cannot be liable for damages for unpaid benefits, citing *Spain v. Aetna Life Ins. Co.*, 13 F3d 310, 311-12 (9th Cir 1993), and *Reich v. Metrahealth Inc.*, 87 F3d 1321 (9th Cir 1996) (unpublished) (following *Spain*).

Defendants are wrong. First, claims for benefits under 29 USC § 1132(a)(1)(b) may be brought both against "the plan itself" or against "any other person" whose liability "is established in his individual capacity." Second, the Ninth Circuit has overruled *Spain* and clarified that potential liability for a claim for unpaid benefits can be asserted against "an entity other than the plan itself or the plan administrator," including the insurer. *Cyr v. Reliance Standard Life Ins. Co.,* 642 F3d 1202, 1207 (9th Cir 2011) (*en banc*). The proper defendant is the entity that has the authority to resolve and deny benefits claims or has responsibility to pay them. *Id*.

The identity of the defendants being sued by plaintiff is admittedly a bit confusing. The caption of the Complaint lists BCBSM, DTNA and the Plan, but the body of the Complaint only specifically identifies BCBSM and DTNA as defendants. Complaint, ¶¶ 1.2-1.3. The Complaint also identifies by name the Plan, the Plan Sponsor (DTNA), and the Plan Administrator ("Daimler Trucks N.A. LLC Pension & Employee Benefits Committee") (*id,* ¶ 1.3), but does not specifically name either the Plan or that Plan Administrator as defendants.

However, the allegations against BCBSM are clear. The Complaint alleges that , BCBSM administers the Plan for DTNA and, quoting the language of the Handbook, "provides administrative claims payment services only." *Id,* ¶ 4.2; Handbook, p. i. It also specifically alleges that "DTNA contracted with BCBSM to administer" the Plan (*id,* ¶ 4.1), that DTNA is responsible for "benefits and future changes in healthcare benefits" (*id*, ¶ 4.2), that BCBSM administers the payment of claims (*id*), and that all (or both) defendants failed to pay claims and

8 - FINDINGS AND RECOMMENDATION

violated ERISA. *Id,* ¶¶ 4.15, 4.19, 5.17, 5.23. Thus, plaintiff alleges that BCBSM, even though not named by the Plan as the Plan Administrator, has the authority to resolve and deny benefits claims or has responsibility to pay them. Accordingly, it is a proper defendant and not entitled to dismissal.

However, this court notes that if plaintiff intends to also sue the Plan as a defendant, then he should file an amendment to do so more explicitly.

## IV.   Lack of Jurisdiction

Defendants also urge dismissal of any claims in excess of the payments agreed to under the Plan for lack of subject matter jurisdiction. This derives from its earlier argument that it cannot ascertain whether the amounts alleged in paragraphs 4.19.1 through 4.19.124 of the Complaint are within the Plan's coverage and payment limitations. If they exceed the amounts payable under the Plan, then they do not arise under ERISA and must be brought as common law contract claims. *Blue Cross of Cal. v. Anesthesia Care Assos. Med. Grp., Inc.*, 187 F3d 1045, 1051 (9th Cir 1999). Thus, defendants argue that some or all of the claims may not be subject to ERISA and should be dismissed for lack of jurisdiction.

Plaintiff points out that where a third-party medical provider, such as himself, sues an ERISA plan based on contractual obligations or misrepresentation of coverage arising directly between the provider and the ERISA plan, and not as an assignee of an ERISA beneficiary, no ERISA-governed relationship is implicated and the claim is not preempted under 29 USC § 1144. *The Meadows v. Employers Health Ins.,* 47 F3d 1006, 1008-11 (9th Cir 1995). In contrast, plaintiff alleges claims in this case only in his capacity as an assignee of 124 Plan beneficiaries based on specific ERISA provisions. If defendants are not liable for violating

9 - FINDINGS AND RECOMMENDATION

ERISA, then plaintiff is not pursuing any state law claim on his own behalf to recover. Thus, this court has subject matter jurisdiction under ERISA over the alleged claims.

## V.    Lack of Necessary Parties

Lastly, defendants contend that they are unable to determine whether the 124 Plan participants are necessary parties under FRCP19 (a)(1)(B). They believe that some of the 124 Plan participants are not residents of Oregon and, thus, are not subject to service of process in this Court. Accordingly, defendants contend that disposing of this action in the absence of any of the 124 Plan participants would subject them to a substantial risk of incurring multiple or otherwise inconsistent obligations arising from the participants' rights under the Plan.

Defendants' fear is unfounded. In other cases involving derivative claims made by way of assignment, the various patients were not necessary parties. *See Misic v. Building Serv. Emps. Health & Welfare Trust*, 789 F2d 1374, 1378-79 (9th Cir 1986) (assignee of beneficiaries has standing to assert the claims of his assignors); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F2d 1286, 1289 (5th Cir 1988). Given that plaintiff has standing, the 124 Plan participants who assigned their claims to him are not necessary parties.

In any event, defendants concede that they advance this argument merely in order to preserve it. They acknowledge that if dismissal is denied on this basis, then they may later file a motion under FRCP 19 after conducting relevant discovery on the issue of necessary parties.

## RECOMMENDATION

Defendants' Motion to Dismiss for Failure to State a Claim (docket # 11) should be DENIED.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, May 07, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED April 20, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge