UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT METCALF,

           Plaintiff,

           Case No. 3:11-cv-1305-ST

    v.

           OPINION AND ORDER

BLUE CROSS BLUE SHIELD OF
MICHIGAN; DAIMLER-CHRYSLER
NORTH AMERICA; and DAIMLER
TRUCKS N.A. LLC UAW HEALTH
BENEFITS PLAN,

           Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

After this court granted in part and denied in part the parties' cross-motions for summary judgment, defendants have filed a motion under 28 USC § 1292(b) a to certify the following two questions for an interlocutory appeal:

    1. Whether a plan that pays benefits to a participant consistent with both ERISA and the terms of the plan has discharged its obligation under the plan if the plan has prior notice

1 – OPINION AND ORDER

of an assignment by the participant and the terms of the plan do not require payment pursuant to a participant's assignment; and

2. Whether the assignee of an ERISA participant's claim for welfare benefits may bring a claim against the plan for the same benefits the plan paid to the participant after the plan has notice of the assignment.

For the following reasons, that motion is denied.

## LEGAL STANDARD

Pursuant to 28 USC § 1291, appellate review is only available after a district court enters a final judgment. However, the Interlocutory Appeals Act, 28 USC § 1292, provides a limited exception to this final judgment rule. It authorizes district courts to certify an order for interlocutory appeal when a district judge believes "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 USC § 1292(b).

District court judges have "unfettered discretion" to deny certification even when all three of these statutory criteria are satisfied. *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F Supp2d 139, 146, 162 (EDNY 1999), citing *Exec. Software N. Am., Inc. v. U.S. D. Ct. for the C.D. of Cal.*, 24 F3d 1545, 1550 (9th Cir 1994) (district court's certification decision is "unreviewable"), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F3d 1087 (9th Cir 2008). Additionally, the Ninth Circuit has cautioned that § 1292(b) "is to be applied sparingly and only in exceptional circumstances." *United States v. Woodbury*, 263 F2d 784, 788 n11 (9th Cir 1959). The legislative history makes clear that § 1292(b) "was to be used only extraordinary cases where

2 – OPINION AND ORDER

decision of an interlocutory appeal might avoid protracted and expensive litigation," as in "antitrust and similar protracted cases," and "was not intended merely to provide review of difficult rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F2d 784, 785 & n2 (9th Cir 1966).

## ANALYSIS

### I.     Controlling Question of Law

A "question of law" is "controlling" under § 1292(b) if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F2d 1020, 1026 (9th Cir 1982). A "question of law" means a "pure" question of law, not a mixed question of law and fact or an application of law to a particular set of facts. *See Ahrenholz v. Board of Trs. of the Univ. of Ill.*, 219 F3d 674, 676-77 (7th Cir 2000). It allows the appellate court to decide the question "quickly and cleanly without having to study the record" and "without having to wait till the end of the case." *Id* at 677.

As an initial matter, Metcalf takes issue with defendants' characterization of the questions to be certified. He argues that first question mischaracterizes the Plan's payment of "benefits to a participant" as "consistent with both ERISA and the terms of the plan." Metcalf's position is that the Plan's payment of benefits to the participants instead of to him was inconsistent with ERISA. Similarly, he disagrees with the statement in the first question that "the terms of the plan do not require payment pursuant to a participant's assignment" because he takes the position that the Plan neither prohibits a participant from assigning his or her benefit nor prohibits payment of benefits to an assignee. Although those objections are well-taken, the first question can easily be rephrased to ask whether an ERISA welfare benefits plan, which is silent as to the assignment of benefits, must pay a participant's

3 – OPINION AND ORDER

assignee after receiving notice of the assignment and paying benefits directly to the participant.

The parties agree that the plan does not bar assignments, that the assignments by the participants to Metcalf are valid, and that the Plan had notice of the assignments prior to paying benefits to the participants. Thus, the questions for certification, if rephrased slightly, do not require study of the record or present any factual issues. Instead, the controlling issue presents a pure question of law.

**II.     Substantial Ground for Difference of Opinion**

As this court noted in reaching its decision on the cross-motions for summary judgment, the controlling legal issue "appears to be a novel issue not yet addressed by any court." Opinion and Order (docket # 82), p. 26. "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Exploration (Alaska) Inc.*, 643 F3d 681, 688 (9th Cir 2011). Although this court believes that it reached the correct decision based on well-established ERISA and state law precedent, reasonable minds can disagree. Thus, a determination of Metcalf's right as an assignee to recover benefit payments from the Plan which the Plan has already paid to his assignors after receiving notice of the assignment meets § 1292(b)'s standard for raising a substantial ground for a difference of opinion.

**III.    Materially Advance Termination of Litigation**

Although two of the statutory criteria for certification are met, an interlocutory appeal is not warranted because it will not materially advance the ultimate termination of this litigation. As defendants argue, a reversal of this court's decision would be dispositive on the issue of the

paid benefits, leaving only a trial as to Metcalf's claims for benefits due to his assignors that the Plan either denied in full or in part. However, if an interlocutory appeal is not granted or this court's decision is affirmed, resolution of the remaining issues would not require protracted litigation.

Only two issues appear to remain regarding the amount owed to Metcalf on his claim for benefits paid by the Plan to his assignors: (1) the value of the benefits assigned to him; (2) and whether his patients paid him any of the money they received from the Plan. Resolution of the first issue should be relatively simple, given that the difference between defendants' calculation (approximately $292,000) and Metcalf's calculation (approximately $362,000) appears to stem from the fact that the parties used different date ranges. Metcalf included all of the data provided to him by defendants in their spreadsheets in lieu of EOBs, while defendants included only that data encompassed by the date ranges in the Amended Complaint. Resolving the appropriate date range should resolve this issue.

As to the second issue of determining whether and to what extent the patients' debts assigned to Metcalf were satisfied, defendants argue that they require discovery from each of the 123 participants through depositions and subpoenas of their financial records, as well as an analysis of Metcalf's financial records. However, an examination of Metcalf's records will show the amount of payments he received from each of his patients for the services at issues, as well as any waiver of his charges. The extensive discovery posited by defendants is not necessary.

In their reply, defendants raise a new contention that Metcalf never alleged that he sought payment from the Plan of the amounts already paid to participants. The Amended Complaint is not a model of draftsmanship and could well be interpreted to seek only the payment of assigned benefits that were denied and not paid to the participants. However, it is far too late for

defendants to make that contention. In the cross-motions for summary judgment, both sides argued Metcalf's entitlement as an assignee to recover both benefits paid by the Plan to the assignors, as well as benefits the Plan had not paid to the assignors. By arguing this issue on summary judgment, defendants waived any objection they may have had to Metcalf's failure to properly allege this issue in the Amended Complaint.

Defendants also argue that denying an interlocutory appeal would complicate this case because the Plan's fiduciary obligations require it to sue all participants to recover amounts they received from the Plan but did not remit to Metcalf. However, it is unclear whether defendants even have such a right to bring claims against participants when defendants have not yet suffered a loss by paying Metcalf for the same claims. Moreover, any claims defendants may wish to bring against the participants are not yet a part of this lawsuit. Thus, granting an interlocutory appeal would not reduce the number of pending claims.

Although this Court is sympathetic to defendants' desire to resolve this novel legal issue now, it concludes that this litigation will not be materially advanced by granting interlocutory appeal and, in fact, would be hindered in the event this case is stayed pending the outcome of the appeal.

## ORDER

For the reasons stated above, defendants' Motion for Certification for Interlocutory Appeal (docket # 84) is DENIED.

DATED November 4, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

6 – OPINION AND ORDER